JS 44 (Rev. 04/21) FLSD Revised 12/02/2022

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS**

Liberty Legal Services Inc., Florida Corporation,

**DEFENDANTS**

Benjamin Whithear, Sayaka W, Jared M.X. Ten

**(b)** County of Residence of First Listed Plaintiff  Palm Beach County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Thomas J. Ali, Esq., / Steve Selz, Esq. 3399 PGA Blvd., Suite 150, P.B

Attorneys *(If Known)*

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☒ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*   Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury Product Liability | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | | | ☐ 830 Patent | ☐ 460 Deportation |
| | | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excl. Veterans) | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 463 Alien Detainee | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 510 Motions to Vacate Sentence | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | **IMMIGRATION** | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)**  *(See instructions):* a) Re-filed Case ☐YES ☒ NO  b) Related Cases ☐YES ☒ NO  JUDGE:  DOCKET NUMBER:

**VII. CAUSE OF ACTION**  Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
Defamation, Tortious Interference, Conspiracy and Coercion, Federal Civil RICO
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ 75,000.00 (Excess  CHECK YES only if demanded in complaint:  JURY DEMAND: ☒ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

DATE  11/4/2025   SIGNATURE OF ATTORNEY OF RECORD   *Steven M. Selz*

FOR OFFICE USE ONLY : RECEIPT #_____  AMOUNT_____  IFP_____  JUDGE_____  MAG JUDGE_____

JS 44   (Rev. 04/21)  FLSD Revised 12/02/2022

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.**   **Related/Refiled Cases.** This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VIII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

LIBERTY LEGAL SERVICES INC., a
Florida Corporation, a/k/a
LIBERTY LEGAL GROUP

        Plaintiff,

      v.

BENJAMIN WHITHEAR, SAYAKA
WHITHEAR, JARED M.X. TENNANT,
BENJAMIN DRAKES, JOANNE C.
FLEMMING, SERENE ANTOINE,
DOES 1 to 10, jointly and severally,

        Defendants.

CASE NO:_____

**JURY TRIAL DEMANDED**

**CAUSES OF ACTION**

COUNT I    DEFAMATION (LIBEL PER SE)

COUNT II   TORTIOUS INTERFERENCE

COUNT III  CIVIL CONSPIRACY

COUNT IV   RICO-Racketeer and Influence
             Corrupt Organizations Act

## COMPLAINT

LIBERTY LEGAL SERVICES INC., a Florida Corporation, a/k/a LIBERTY

LEGAL GROUP, (hereinafter "LIBERTY" or "PLAINTIFF"), sues BENJAMIN

WHITHEAR, (hereinafter "BENJAMIN"), SAYAKA WHITHEAR, (hereinafter

"SAYAKA"), JARED M.X. TENNANT, individually and as an attorney at law of

Dentons Delany and as legal representative of co-defendants BENJAMIN and

SAYAKA, (hereinafter "TENNANT"), BENJAMIN DRAKES, individually and as an

attorney at law of Dentons Delany and as legal representative of co-defendants BENJAMIN and SAYAKA, (hereinafter "DRAKES"), JOANNE C. FLEMMING, individually and as an attorney at law of Dentons Delany and as legal representative of co-defendants BENJAMIN and SAYAKA, (hereinafter "FLEMMING"), SERENE ANTOINE, an individual, (hereinafter "ANTOINE"), DOES 1 to 10, (hereinafter "DOES"), jointly and severally (herein collectively the "DEFENDANTS"), and in support, states:

## THE PARTIES:

1. That Liberty Legal Services, Inc., a/k/a Liberty Legal Group, ("Liberty") is a Florida corporation maintaining its principal place of business at 3399 PGA Blvd., Suite 150, Palm Beach Gardens, Florida 33410.

2. Plaintiff has retained the undersigned counsel to initiate this action and is obligated to pay a reasonable attorney fees and pay costs advanced to the undersigned counsel.

3. That at all times material hereto Benjamin Whithear was a sui juris individual and is believed to be a resident or citizen of either or both of Australia, Japan or the Federation of St. Kitts and Nevis.

2

4.  That at all times material hereto, Sayaka Whithear was a sui juris individual and is believed to be a resident or citizen of either or both of Australia, Japan or the Federation of St. Kitts and Nevis.

5.  That at all times material hereto, Defendant, Jared M.X. Tennant (hereinafter "Tennant") was a sui juris Individual and a resident or citizen of the Federation of St. Kitts and Nevis, and one of the attorneys of Dentons Delany, acting as legal representative on behalf of co-defendants Benjamin Whithear and Sayaka.

6.  That at all times material hereto, Defendant, Benjamin Drakes (hereinafter "Drakes") was a sui juris Individual and a resident or citizen of the Federation of St. Kitts and Nevis, and one of the attorneys of Dentons Delany, acting as legal representative on behalf of co-defendants Benjamin Whithear and Sayaka.

7.  That at all times material hereto, Defendant, Joann C. Flemming (hereinafter "Flemming") was a sui juris Individual and a resident or citizen of the Federation of St. Kitts and Nevis, and one of the attorneys of Dentons Delany, acting as legal representative on behalf of co-defendants Benjamin Whithear and Sayaka.

8. That at all times material hereto, Defendant, Serene Antoine (hereinafter "Antoine") was a sui juris Individual and a resident or citizen of the Federation of St. Kitts and Nevis.

9. That at all times material hereto Defendants, DOES 1 to 10 ("Does") are individuals that have yet to be identified parties who will be added upon discovery in an amended complaint hereafter, upon information and belief Does 1 to 10 are sui juris citizens or residents of the Federation of St. Kitts and Nevis.

## PROCEDURAL HISTORY:

10. That all times material hereto, non-party Hamilton Reserve Bank (hereinafter "Hamilton") has been doing business as an international banking institution in the Eastern Caribbean with its offices located in St. Kitts and Nevis, licensed and registered in that jurisdiction and serving the needs of clients in over one-hundred and fifty (150) countries.

11. Hamilton falls under the regulatory auspices of the Regulator of International Banking. Financial Services Regulatory Commission, Nevis Branch ("NFSRC"), and in that regard Hamilton's management must comply with all NFSRC rules and regulations relating to client/customer accounts held at Hamilton.

12. Hamilton's general counsel, Sebastian Ambrose, Esquire is

4

authorized to act on behalf of Hamilton as its counsel and further Hamilton is represented by the law firm of Stanbrook and Prudhoe, via Timothy Prudhoe, Esquire.

13.     That Nevis Island Administration Ministry of Finance, Statistics & Economic Planning Financial Services Department (hereinafter "Regulation and Supervision Dept."), is non-party headquartered in Charlestown, Nevis, West Indies.

14.     That the Regulation and Supervision Dept.'s role is to provide oversight of the various banking institutions located in Nevis, inclusive of the non-party, Hamilton, and to that extent the Regulation and Supervision Dept. acts through its compliance officer, Phil Jones, Regulator of International Banking, regulates International Banking in the Eastern Caribbean.

15.     That at all times material hereto, Benjamin and Sayaka are believed to be the sole named directors and authorized corporate representatives of non-party, SIBEW PTY, LTD (hereinafter "Sibew").

16.     That on or about July 5, 2021 Sibew executed an agreement with Hamilton as entitled "Hamilton Reserve Bank Ltd. Customer Account Agreement, Effective: January 1, 2020" (the "Customer Account Agreement") a true and correct copy of which is attached hereto and made a part hereof as Exhibit "A".

17.     That over a period Hamilton's compliance system detected suspicious activities regarding the Sibew account and its principal representatives, Benjamin and Sayaka.

18.     That such information came to light due to the continuing background checks performed via the BSA/AML/KYC compliance regulatory programs utilized by Hamilton and which monitors transactions in real-time through use of Termenos Technology software which banking software has been adopted by 80% of the world's banks and which can automatically detect customer/client fraud and violative conduct, including events related to tax evasion, crypto scams or terrorism financing.

19.     That due to by detection by Hamilton's software under the BSA/AML/KYC laws the detection of suspicious activities in the Sibew account, the Sibew account was flagged and placed in a suspense status, which by the terms of the Customer Account Agreement permit Hamilton to restrict funds and/or close Sibew's account.

20.     Hamilton sought advice from Mr. Phil Jones, Regulator of International Banking, NFSRC, Nevis as part of its election to close Sibew's account which is evidenced by that certain communications dated July 30th, 2025, attached hereto and made a part hereof as Exhibit "B", evidencing Hamilton's seeking of regulatory guidance in the matter and confirming therein the right and obligation of Hamilton

6

detect such matter and further to report, suspend and close accounts based on and pursuant to, the Customer Account Agreement.

21.     Further, in that same communication, Hamilton advised that it would engage a third-party legal escrow of the funds at Wells Fargo Bank, USA, through Liberty Legal Group awaiting disposition of the funds in question.

22.     Mr. Jones response, by way of letter dated August 6th, 2025, attached hereto and made a part hereof as Exhibit "C", on behalf of the Nevis Island Administration informed Hamilton that its request contained in the July 30th, 2025 letter was granted and further directing to "…remit outstanding account balances of closed customer accounts to an independent third-party legal services escrow account would be in the custody of an escrow agent-Liberty Legal Group".

23.     That further Mr. Jones indicated in that same communication that "It would be prudent for the Bank to not be in possession of funds for a person who is not an account holder. As such, the regulatory request to utilize the outlined legal services escrow account for closed account balances only is granted".

24.     Attached as Exhibit "D" and made a part hereof is the August 6th, 2025 escrow agreement between Plaintiff and Hamilton (the "Escrow Agreement"), showing the terms and conditions between the parties and the account information of Wells Fargo Bank. N.A. escrow account in the name of Plaintiff and

arising from the Wells Fargo bank branch located in Palm Beach Gardens, Florida.

25. That on August 15th, 2025, Plaintiff informed Hamilton's general counsel, Sebastian Ambrose that it had received and was holding in its escrow account at Wells Fargo the sum of $2,761,730.75 (Exhibit "E") pursuant to the Escrow Agreement.

26. That on August 16th, 2025, Sebastian Ambrose, as general counsel for Hamilton, informed Mr. Jones, Regulator of International Banking ("NFSRC") that Wells Fargo Bank, N.A., now had sole custody and control over the funds from the closed account by way of that certain communication attached hereto and made a part hereof as Exhibit "F" and further advising that Plaintiff was ready, willing and able to remit the funds to Sibew through its legal counsel.

27. That on September 4, 2025, Plaintiff advised legal counsel for Sibew, by way of the communication attached hereto and made a part hereof as Exhibit "G", that a Suspicious Activity Report (STR) Report Number: STR007-2025_SPL was received from Hamilton that was filed with the St. Kitts & Nevis Financial Intelligence Unit.

28. In that same communication Plaintiff advised Sibew's lawyers that Plaintiff had been waiting since August 15, 2025 for a response from them regarding any claim as to the funds on behalf of their client Sibew.

29.     That on September 8, 2025, a true and correct copy of which is attached hereto and made a part hereof as Exhibit "H", Plaintiff advised Sabastian Ambrose that the STR report was received and was forwarded for criminal referral to the United States Homeland Security Investigations (HSI), Orlando Florida Headquarters Field Office, and that as a result the subject funds in the amount of $2,761,730.75 would be held unless and until the appropriate authorities instructed otherwise.

30.     That on September 11th, 2025 Plaintiff advised Hamilton and the lawyers for Sibew that the funds held in the Plaintiff's escrow account with Wells Fargo had been administratively seized by the United States Department of Homeland Security ("DHS") which gave notice of custody regarding the funds as where held in escrow at Wells Fargo Bank in the amount of $2,761,730.75 (the "Seized Funds") pursuant to a custody receipt, a true and correct copy of the custody receipt by DHS is attached hereto and made a part hereof as Exhibit "I" (the "Seizure Notice").

31.     That in the interest of full disclosure, Plaintiff informs this court that there is a current an ongoing case and related appeal pending in The Eastern Caribbean Supreme Court and in the High Court of Justice Federation of Saint Christopher and Nevis, Nevis Circuit (Civil) A.D. 2025, Claim No. NEVHCV2025/0070 (the "Nevis Case") which Nevis Case neither has neither

joined nor sought to join Plaintiff, the parties being Sibew and Hamilton only and neither party has sought to join Plaintiff to the Nevis Case.

32.    The pending action noted in Paragraph 31 above has in addition to the failure to join the Plaintiff, has additionally failed to join the United States Department of Homeland Security ("DHS") or the "res" consisting of the administratively seized funds, all despite the fact that the seized funds, the location of the Wells Fargo Bank Account, and the Plaintiff are within the jurisdiction and venue of this court.

33.    That prior to the transfer of the seized funds to Plaintiff and the entry of the Escrow Agreement between Hamilton and Plaintiff, Hamilton had made attempts to wire transfer funds which were held in multiple accounts, including the Sibew account funds based on instruction into the Bank of Nevis; however, Hamilton was unable to complete that transfer these funds on deposit were "black-listed" by Hamilton's corresponding sponsor bank, which in turn made it impossible for Hamilton to comply with any request, instruction or court order of the Eastern Caribbean Court requiring Hamilton to deposit those funds into an account at the Bank of Nevis or the court registry as those funds were "unaccepted" due to the tainted nature of those funds, nor would Bank of Nevis or the court registry in Nevis process any transaction related to those funds since they were tied to suspicious and criminal activity of account holders of other

entities, including but not limited to; Trident Trust, Titan FX, all of which are named in the internal bank SWIFT communications between Hamilton and the corresponding banks/institutions. See the respective Bank Swift messages dated May 26th, 2025 and September 30th, 2025 attached hereto and made a part hereof as composite  Exhibit "J".

34.    That upon information and belief the entities named in Exhibit "J" are associated to the Defendants herein.

35.    That Plaintiff submits this court under 28 U.S.C. § Section 1332 has original jurisdiction of this action.


## COUNT I - DEFAMATION (LIBEL PER SE) AND DAMAGES
### AS AGAINST DEFENDANTS BENJAMIN WHITHEAR, SAYAKA WHITHEAR, JARED M.X. TENNANT, BENJAMIN DRAKES, JOANNE C. FLEMMING, SERENE ANTOINE and DOES 1 to 10

36.    Plaintiff reincorporates and realleges paragraphs 1 through 34 of this complaint as if fully set forth herein in their entirety.

37.    This is an action by Plaintiff against Defendants for defamation (libel per se) and damages for which exceed this Court's minimum jurisdictional limits, exclusive of interest, costs and attorneys' fees.

38.    That as part and parcel of their actions, the Defendants undertook to

make false statements regarding the Plaintiff, including that the Plaintiff was not a legitimate business and that the Plaintiff had no authority to act as an escrow agent with regard to the seized funds.

39.    Defendants Tennant, Drakes, Flemming, Antoine and Does 1 to 10, further made defamatory and libelous accusations, which these Defendants knew or should have known at the time made to be false, or which they made in disregard of the truth or falsity of those statements, which appear in documents which the Defendants have caused to be filed amongst papers accessible to the public and which were published to Plaintiff's client Hamilton, and further being published and submitted in a public forum, to third parties and filed as a matter of record in judicial and non-judicial forums.

40.    The non-judicial defamatory libelous publication by Defendants was published on or about August 29, 2025 to "B.W.", a resident of Broward County, Florida, thus subjecting Defendants to the long-arm jurisdiction of this Court pursuant to F.S. 48.193 (2) as the Defendants committed a tortious act within the State of Florida, harming and injuring Plaintiff as set forth herein.

41.    That the documents and statements filed which were created and disseminated by Defendants, published numerous false and defamatory statements, which had no factual basis concerning Plaintiff, and which alleged or imputed criminal conduct incompatible with the Plaintiff's role as escrow agent for

Hamilton, and which statements were made by Defendants despite knowledge of the falsity of such matters evidencing actual malice.

42.    That as a direct and proximate result of the conduct of the Defendants the Plaintiff has been damaged by way of economic damages to Plaintiff, including, but not limited to, loss of business and business opportunities for prospective clients, loss of and damage to the Plaintiff's reputation, humiliation all of which, by their nature, continue to subject Plaintiff to public ridicule, distrust, contempt and disgrace as such statements as made by the Defendants. There was no "good-faith" basis for the publication of the defamatory statements to third parties.

43.    That upon and information and belief, the Defendants collaborated and conspired amongst and with each other, including third-parties yet to be identified, being Does 1-10, and further, did so in public open court that were heard, transcribed and made as a matter of record on or about August 29, 2025 in court.

44.    That in response to Stanbrook Prudhoe submitted a letter dated September 9th, 2025, addressed to Drakes and Tennant advising of the actions taken by both Hamilton and Plaintiff and as were clearly and explicitly approved by the Regulator of International Banking so as to refute and disprove the defamatory, knowingly false and malicious statements made by the Defendants

as to Plaintiff.   That a true and correct copy of such September 9, 2025 letter is attached hereto and made a part hereof as Exhibit "K"

45.   To further evidence the false nature of the subject defamatory statements, Mr. Sebastian Ambrose provided a notarized sworn affidavit dated October 13th, 2025 outlined in paragraphs seven through nine of that document the lack of factual support for the false statement made by Defendant, with a true and correct copy of that affidavit being attached hereto and made a part hereof as Exhibit "L".

46.   Defendants statements and correspondence were false, scandalous, defamatory, accusatory and were undertaken so as to cause harm to Plaintiff's reputation and business relationship with its clients, inclusive of Hamilton.

47.   That Defendants, at the time of the making of the subject false and defamatory statements,  intended for the court, the public at-large and its client Hamilton as well as others to rely and act on such false statements for the purpose of disparaging Plaintiff's professional reputation and causing harm to the Plaintiff and at all times knew of the Plaintiff's business relationships and undertook the making of the defamatory statements for the purposes of harming the reputation of the Plaintiff and causing damage to the Plaintiff.

a.) The statements published by Defendants were false.

b.) The Defendants knew the statements were false or acted with reckless disregard for their truth and falsity.

c.) Defendants had no factual basis for allegations regarding Plaintiff, yet made these allegations anyway, demonstrating actual malice.

d.) The false statements were defamatory.

e.) Allegations against Plaintiff are defamatory as they impute conduct incompatible with Plaintiff's profession.

f.) Plaintiff suffered damages as a result of the defamatory statements.

g.) Plaintiff has suffered damage to its professional reputation, economic damages, potential loss of clients and business opportunities.

h.) As defamation per se, damages are presumed.

i.) Defendants knew or should have known that the allegations were false at the time they were made.

j.) Defendants false allegations were published to the court, court personnel, Plaintiff's client and all parties and attorneys involved in the legal proceeding.

k.) Defendants false allegations will result in significant damage to Plaintiff's professional reputation and standing in the industry and community.

WHEREFORE, Plaintiffs pray for a judgment for compensatory and special damages against Defendants, jointly and severally, Plaintiff requests such other

and further relief as the court may deem just and proper, and further damages together with pre-judgment interest, taxable costs and such other and further relief as this court deems just and equitable and furthermore Plaintiff hereby provides notice of its reservation of rights in this action to pursue claims against Defendants for punitive damages, upon complying with pleading requirements imposed upon the Plaintiff in accordance with F.S. 768.72.

## COUNT II - TORTIOUS INTERFERENCE WITH AN ADVANTAGEOUS BUSINESS RELATIONSHIPS
### AS AGAINST DEFENDANTS, BENJAMIN WHITHEAR, SAYAKA WHITHEAR, JARED M.X. TENNANT, BENJAMIN DRAKES, JOANNE C. FLEMMING, SERENE ANTOINE and DOES 1 to 10

48.   Plaintiff hereby reincorporates and realleges the allegations contained in paragraphs 1- 34 above, 37- 47, as if fully set forth herein in their entirety.

49.   This is an action for tortious interference with an advantageous business relationships and for damages arising therefrom.

50.   That at all times material hereto Plaintiff had an ongoing and prospective business relationships with Hamilton and related business associates to include "BW", to whom the defamatory statements, correspondence were made and published, damages for which exceed this Court's minimum jurisdictional limits, exclusive of interest, costs and attorneys' fees.

51.   Defendants, and each of them, knew of the business relationship and

16

the Plaintiff's business relationship and contractual obligations with Hamilton as well as its business relationship with third parties who reside in Broward County, Florida.

52.    That Defendants actions and conduct were intentional and unjustified and were intended and calculated to interference with the business and contractual relationship by and between Plaintiff and Hamilton as well as to besmirch the professional and public reputation of the Plaintiff.

53.    That the actions and conduct of the Defendants has proximately caused damage to the Plaintiff as a result of the interference.

54.    That Defendants interference was without legal justification and motivated by malice.

55.    That but for the interference by the named Defendants the business relationship by and between Plaintiff and Hamilton as well as to third parties would in all probabilities have been completed.

a.) Plaintiff has business relationships with existing and prospective clients.

b.) Plaintiff has established business relationships with clients who rely on its legal services and has the expectation of forming business relationships with prospective clients.

c.) Defendants knew of these business relationships.

d.) Defendants knew or should have known that Plaintiff has business relationships with clients and prospective clients.

e.) Defendants intentionally and unjustifiably interfered with these relationships by false allegations regarding the Plaintiff in a court filing.

f.) Defendants intentionally and unjustifiably interfered with Plaintiff's professional reputation and thereby interfered with its business relationships.

g.) Plaintiff suffered damages as a result of Defendants interference.

h.) As a result of Defendants interference, Plaintiff has suffered or will suffer damages, including loss of clients, loss of business opportunities, and economic damages.

56.    As a direct and proximate result of the willful interference by these Defendants, Plaintiff has suffered damages, including loss of business, damage to its good will which damages are measurable and which are in excess of the jurisdictional limits of this court.

WHEREFORE, Plaintiff prays for a judgment for compensatory damages against Defendants, jointly and severally, and furthermore Plaintiff reserves the right to pursue claims against Defendants for punitive damages upon complying with pleading requirements imposed upon the Plaintiff in F.S. 768.72, together with such other and further relief as the Court may deem just, proper and equitable

with pre-judgment interest and an award to Plaintiff of its taxable costs arising from this action.

### COUNT III - CIVIL CONSPIRACY AND COERCION
### AGAINST DEFENDANTS BENJAMIN WHITHEAR, SAYAKA WHITHEAR, JARED M.X. TENNANT, BENJAMIN DRAKES, JOANNE C. FLEMMING, SERENE ANTOINE and DOES 1 to 10

57.    Plaintiff hereby reincorporates and realleges the allegations contained in paragraphs 1-34, 37- 47 and 49 - 55, as if fully set forth herein in their entirety.

58.    This is an action for civil conspiracy and coercion, damages for which exceed this Court's minimum jurisdictional limits, exclusive of interest, costs and attorneys' fees.

59.    That Defendants acted jointly with the purpose of doing harm to Plaintiff and with the intention of damaging Plaintiff in an unlawful manner and in that regard on or about August 29, 2025, illegally, unlawfully and with overt intentions and design, conspired in such endeavors to obtain the Plaintiff to breach its duty as to the escrow of the seized funds by concerted action and utilized false threats of arrest and imprisonment directed to Plaintiff and its principals to obtain such compliance under duress.

60.    That in furtherance of such conspiracy uttered libelous and

defamatory statements to third-parties inside and outside a judicial forum, which included the publishing of libelous statements to a Florida resident residing in Broward County.

61.   That such conduct directed to the State of Florida subject these Defendants, pursuant to Florida's long-arm statute under Section 48.193 (2) F.S. subjects the Defendants to the jurisdiction of the courts located in the State of Florida, with the further tort involving these same Defendants acting so as to interfere with the Plaintiff's advantageous business relationship as set forth in paragraphs 41-48, above.

62.   That Defendants intentions were to carry out an unlawful act through unlawful means to include the threatened coercion arrest of Hamilton bank officers, and to utilize such threats to obtain the breach by Plaintiff as escrow agent of its legal duties regarding the seized funds, and to utilize the privity by and between Hamilton (acting by and through its officers), such that boiled down to its essence, the co-conspirator/Defendants advised that Hamilton officers would be in order to exert pressure on Plaintiff if the Seized Funds were not released to these Defendants for the benefit of Sibew.

63.   These actions would intended, as set forth above, to harm Plaintiff since such conduct would, by definition, cause Plaintiff to be in breach of its escrow agreement with Hamilton, which would simultaneously vitiate the

administrative seizure imposed by DHS on September 11, 2025, as set forth in Exhibit "I", exposing the Plaintiff and its principals to potential legal action and criminal charges by DHS for acting in disregard of the Seizure Notice.

64.     That the Defendants were at all times acting in their individual capacity, as it is believed that these Defendants had a financial and pecuniary interest in the seized funds and that the Defendants had at all times material hereto a possessed a personal stake in the underlying alleged illegal activities of Sibew, which resulted in more than an incidental benefit to the Defendants.

65.     That such interest, and conspiracy was undertaken to utilize an unlawful coercion possessed by the conspirators acting in concert which each individual Defendant acting alone would not possess.

66.     The Defendant, as co-conspirators, had and put into motion a plan to commit the underlying torts or wrongs in such a way as to conspire to commit those and by way of that joint action gave rise to the conspiracy, which in turn subjects the Defendants to joint and several liability in this case.

67.     That as a direct and proximate result of the actions of the Defendants Plaintiff has suffered damages to including financial losses related to the escrowed funds, damage to it's reputation and business goodwill, interference with existing and potential business relationships, damages from such defamation

all of which arose from and are the proximate result of the conduct of the Defendants in the furtherance of their civil conspiracy.

WHEREFORE, Plaintiff prays for a judgment for compensatory damages against Defendants, jointly and severally, with Plaintiff reserving the right to pursue claims against Defendants for punitive damages upon complying with pleading requirements imposed upon the Plaintiff in accordance with Section 768.72, Florida Statutes, further, in addition to the foregoing, Plaintiff requests such other and further relief as the court may deem just and proper, and further damages together with pre-judgment interest, taxable costs and such other and further relief as this court deems just and equitable, to include an award of treble (triple) damages against Defendants under Title 18 U.S.C. § 1962 and 1964.

## COUNT IV -  RICO-Racketeer and Influence Corrupt Organizations Act
### AGAINST DEFENDANTS JARED M.X. TENNANT, BENJAMIN DRAKES, JOANNE C. FLEMMING, SERENE ANTOINE and DOES 1 to 10

68.    Plaintiff hereby reincorporates and realleges the allegations contained in paragraphs 1 - 34, 37- 47, 49 - 55 and 58 - 67 above, as if fully set forth herein.

69.    This is an action for damages within this Court's jurisdiction exclusive of interest, costs and attorneys' fees against Defendants, pursuant to the Racketeer Influenced and Corrupt Organizations Act, commonly known as "RICO", under Title 18 U.S.C. § 1961, 1962 and 1964 and related provisions and

which, by way of this action, seeks damages (inclusive of treble damages), against Defendants jointly and severally.

70.    Upon information and belief, Defendants Tennant, Drakes, Flemming, Antoine and Does 1 to 10 have engaged, acted and continue to act in concert with each other in a scheme to obtain benefits to the co-conspirators by directing referral of bank client and account holders ("Illicit Clients") that are engaging in illicit activities and whom have breached Hamilton's bank client account agreements as well as the banking regulations to which Hamilton is subject by the law and banking regulation of Nevis.

71.    Upon information and belief, Defendant Antoine at all times material hereto was a bank regulator for the Financial Services Regulatory Commission, Nevis Branch ("NFSRC"), who utilized her position to provided information regarding accounts which have been flagged by regulators for potential illicit activity and who, as part and parcel of the illegal scheme of Antoine and her co-conspirator Defendants, would thereafter refer the account holders of the accounts flagged for illicit and potentially criminal activities to the  co-Defendants Tennant, Drakes, Flemming and Does 1 to 10 (who are believed to be additional legal counsel, including managing members and partners of the law firms in which these individuals are acting).

72.    Upon information and belief it is further asserted that Antoine by

her use of information related to the illicit clients and the referral of same to the named co-Defendants, Tennant, Drakes, Flemming and Does 1 to 10, receives payment (commonly referred to as a "kick-back") for those referrals.

73.    In that regard it is anticipated that such matters will be borne out by financial discovery in this matter showing the use of this information and the pecuniary interest received by Antoine. Further upon information and belief Antoine is no stranger to utilizing her access, influence and position to engage in inappropriate associations, as she is known to be associated with a criminally convicted person by the name of Michael J. Prest, an Interpol wanted fugitive from justice who absconded with millions of dollars from St. Kitts/Nevis financial institutions.

74.    To that point, Defendants Tennant, Drakes, Flemming and Does 1 to 10, then bill the illicit clients for legal fees and other benefit award upon success based on the information, access, influence and position provided by Antoine.

75.    Specifically in case NEVHCV2025/0070, in The Eastern Caribbean Supreme Court, In The High Court of Justice Federations of Saint Christopher and Nevis, Nevis Circuit (Civil) Sibew vs. Hamilton, wherein Defendants Tennant, Drakes, Flemming and Does 1 to 10, utilize their association with Antoine and by virtue of that position influenced the presiding Judge, Mr. Justice Thompson Jr., who in turn utilized threats of incarceration of Hamilton bank officials, directors

and representatives if funds from the illicit clients, in this case Sibew, were not forthwith deposited in a bank that is associated with the court as set forth in Exhibit "M", a true and correct copy of which is attached hereto and made a part hereof by this reference.

76.    These actions, both as to the referral and use of knowledge arising from her employment as a banking regulator together with the influence of Antione and here co-conspirators before the court in Nevis was undertaken despite knowledge that such actions were unlawful and despite further knowledge that the Bank of Nevis could not accept funds from any account that had in fact been "black listed" due to the fact that the funds were and are alleged to have arisen from unlaw activities of the account holder, in this case Sibew.

77.    That together, Defendants formed the legal existence "RICO enterprise" that is an on-going organization with a common purpose, to wit: to harm and damage Plaintiff and to regain for their own benefit the funds originally held in escrow by the Plaintiff in its capacity as escrow agent, which funds have now been administratively seized by DHS as of September 11, 2025, as set forth in Exhibit "I".

78.    That Plaintiff asserts that Defendants have engaged in two or more

25

predicate acts encompassing a variety of improper, unlawful, illegal offences, if not criminal certainly subjecting Defendants together to the Civil RICO remedy under the above-cited statute and which is sought by Plaintiff in this action.

79.   That Defendants together had a part in the management or operation of the enterprise demonstrating a "pattern" which involved the conduct described herein relating to the enterprise's affairs through a pattern of racketeering activity.

80.   That the above actions of the Defendants described herein constitute two or more predicate acts giving rise to this Federal Civil RICO action.

81.   That as a direct and casual and proximate result of the Defendants participation on the enterprise, Plaintiff sustained damages that was the direct and proximate result or cause of harm to Plaintiff as described herein, all in excess of the jurisdictional limits of this court, to include financial losses, damages to reputation, good will, standing in the community.

WHEREFORE, Plaintiff prays for a judgment for compensatory damages against Defendants, jointly and severally, and furthermore Plaintiff reserves the right to pursue claims against Defendants for punitive damages upon complying with the pleading requirements imposed upon the Plaintiff in accordance with Section 768.72, Florida Statutes and Plaintiff requests such other and further relief as the court may deem just and proper, for damages together with pre-judgment interest, taxable costs and such other and further relief as this court deems just

and equitable, to include an award of treble damages against Defendants under Title 18 U.S.C. § 1962 and 1964 and award of attorney's fees under RICO's exception to the American Rule in the event Plaintiff is awarded its attorneys' fees under Title 18 U.S.C. § 1964(c).

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action on all issues so triable.

Dated this 4th Day of November, 2025.

SELZ & MUVDI SELZ, P.A.
500 University Blvd., Suite 110
Jupiter, FL 33458
Tel: (561) 694-0260
Fax: (561) 694-0230
Email: selzmuvdi@aol.com

By: _S/S STEVEN M. SELZ_
STEVEN M. SELZ
FBN: 777420

THOMAS J. ALI, P.A.
PGA Financial Plaza
3399 PGA Boulevard Suite 150
Palm Beach Gardens, Florida 33410
Tel: (561) 296-7900
Fax: (561)296-7919 (facsimile)
Email: tali@stuartnkaplanpa.com

By: _S/S THOMAS J. ALI_
THOMAS J. ALI
FBN: 370746